UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

SUSAN ALLEN, as Personal      )
Representative of the ESTATE    )
OF STEVEN M. REEVES       )
     Plaintiff               )
                          )       Civil Action
V.                       )
                          )       No. 99-CV-10960-REK
CAPE FEAR, INC.          )
     Defendant           )
                          )

DENNIS MARTIN, as Personal    )
Representative of the ESTATE    )
OF PAUL F. MARTIN,        )
     Plaintiff               )
                          )       Civil Action
V.                       )
CAPE FEAR, INC.          )       No. 99-CV-10944-REK
                          )
     Defendant           )

PLAINTIFF, SUSAN ALLEN'S MEMORANDUM IN SUPPORT OF:

MOTION FOR SUMMARY JUDGMENT
AGAINST THE DEFENDANT ON THE ISSUES NEGLIGENCE
AND CONTRIBUTORY NEGLIGENCE

I.    STATEMENT OF MATERIAL FACTS

    1.    At the time of the sinking of the F/V CAPE FEAR, the vessel was in violation of applicable USCG Safety regulations relating to servicing automatic life rafts. Trial Transcript, Day 1, pp. 207-208 (Attached hereto as Ex. "A") Limitation Trial, Petitioner's Ex. 10 (Attached as Ex. "B") 46 CFR 28.140 (Attached hereto as Ex. "C")

2.    Although the life raft was found deployed the following morning, there is no evidence that the automatic life raft deployed as it was designed to do. <u>Depo. of Capt. Novack</u>, P. 69 (Attached hereto as Ex. "D"); <u>Limitation Trial, Petitioner's Exhibit #21</u> (Attached hereto as Ex. "E").

3.    There is no evidence that the Defendant's failure to service the life raft as required by USCG safety regulations could not have prevented injury or death to Steven Reeves.

4.    There is no evidence that Steven Reeves had a duty to personally ensure that the #3 Port hatch cover was fully closed close either while he worked on deck or after he reported the condition to Capt. Novack. <u>Depo. of Capt. Novack</u>, pp. 32-33, 81 (Attached hereto as Ex. "D")

5.    There is no evidence from which a reasonable juror could conclude that it was more likely than not (i.e. greater than 50% likelihood) that Steven Reeves was the crew member who failed to fully close the #3 Port Clam Hold Hatch. At best the Defendant can only establish that the there was a 33% chance that Steven Reeves was the person who failed to properly close the hatch. <u>Depo. of Haley</u>, P. 28 (Attached hereto as Ex. "F")(Mate Haley not sure who closed hatch, one of a possible three deckhand); <u>Trial Transcript</u> P. 5-183 (Attached hereto as Ex. "G") (deckhand Lemeaux asleep when #3 Port hatch shut); <u>Depo. of Novack</u> P. 82 (Ex. "D")(Captain Novack asleep when #3 port hatch shut).

6.    There is no admissible evidence from which a reasonable juror could conclude that that the 3" - 6" opening in the #3 Port clam hold hatch was a cause in fact of the sinking of the F/V CAPE FEAR. <u>See</u>, <u>Plaintiff's Motion to Exclude Expert Testimony of Capt. Folsom</u>.

I.      VIOLATION OF USCG REGULATIONS/THE <u>PENNSYLVANIA</u> RULE.

A maritime employer's violation of a Coast Guard safety regulation that causes a seaman's injury or death constitutes negligence per se. <u>Kernan v. American Dredging Co.</u>, 355 U.S. 426, 432-433, 78 S.Ct. 394, 398 (1958); <u>see also</u> <u>Moody v. Boston and Maine Corporation</u>, 921 F.2d 1, 4 (1st Cir. 1990) (FELA case); <u>Pratico v. Portland Terminal Company</u>, 783 F.2d 255, 263 (1st Cir. 1985) (FELA case); <u>Smith v. Trans-World Drilling Co.</u>, 772 F.2d 157, 160-161 (5th Cir. 1985); <u>Reyes v. Vantage S.S. Co.</u>, 609 F.2d 140, 143 (5th Cir.) ("The failure to follow any Coast Guard regulation which is a cause of an injury establishes negligence per se."), <u>quoted in</u> <u>Pratico</u>, <u>supra</u>. <u>Kernan</u> further held as follows:

> [T]he basis of liability is a violation of statutory duty without regard to whether the injury flowing from the violation was the injury the statute sought to guard against. It must therefore be concluded that the nature of the Acts violated is not a controlling consideration. . . .

<u>Kernan</u>, <u>supra</u> at 438. 78 S.Ct. at 401. <u>quoted in</u> <u>Moody</u>, <u>supra</u>.

In <u>The Pennsylvania</u>, the Supreme Court held that, in a collision case, where one party violates a statute intended to prevent a collision, the burden of proof shifts to that party to establish that the violation "could not have been" a cause of the collision. <u>The Pennsylvania</u>, 86 U.S. (19 Wall) 125, 136 (1873) (the burden rests upon the offending party to show "not merely that [his] fault might not have been one of the causes, or that it probably was not, but that <u>it could not have been</u>" one of the causes"). The Supreme Court held that "such a rule is necessary to enforce obedience to the mandate of the statute." <u>Id.</u>

The Pennsylvania Rule "does not establish fault." <u>Continental Grain Co. v. Puerto Rico Maritime Shipping Authority</u>, 972 F.2d 426, 436 (1st Cir. 1992). "It serves solely to shift the

burden of proof on the issue of causation once a claimant has established that a vessel has violated a statute or regulation." Id.

While the Pennsylvania Rule was initially applied only to cases involving collisions between vessels, the First Circuit and others have expanded the application of the Pennsylvania Rule to cover violations of all types of Coast Guard regulations and all types of marine casualties. Id. In Continental Grain, the First Circuit held that the Pennsylvania Rule applied to all maritime casualties including the "capsizing and sinking of a vessel." Id. The Court stated:

> Given the policy underlying the rule, that is to assure strict compliance with rules pertaining to the safe operation of ships, we see no reason why the rule should not apply to the capsizing and sinking of a vessel as well as to a stranding.

Id. Other circuits have also expanded the application of the Pennsylvania Rule to cover maritime cases not involving collisions. See, e.g., Folkstone Maritime Inc. v. CSX Corp., 64 F.3d 1037 (7th Cir. 1995) (allision case); Candies Towing Co., Inc. v. M/V B&C Eserman, 673 F.2d 91 (5th Cir. 1982) (sinking with cargo loss); Reyes, supra (Jones Act death case); In re Seaboard Shipping Corp., 449 F.2d 132 (2nd Cir. 1971), cert. den., 406 U.S. 949, 92 S.Ct. 2038 (1972) (limitation proceeding involving drowning of seamen); Waterman S.S. Corp. v. Gay Cottons, 414 F.2d 724, 737 (9th Cir. 1969) (the Pennsylvania Rule also applies "to failure to provide equipment required by statute"); Smith v. Mitlof, 130 F.Supp.2d 578 (S.D.N.Y. 2001) (passenger case).

In the present case it is undisputed that the F/V Cape Fear was required to have her automatic life raft maintained, serviced and inspected annually. Trial Transcript, Day 1 pp. 207-209 (Ex. "A"); 46 CFR 28.140. The re-inspection certificate on the life raft on the F/V Cape Fear expired December 1998 more than one year prior to the vessel sinking. Limitation Trial

4

Petitioner's Exhibit 10 (Ex. "B") Accordingly the vessel was in violation of 46 CFR 28.140. Accordingly, the Defendant has the burden of establishing "not merely that [its violation] might not have been one of the causes, or that it probably was not, but that it could not have been" one of the causes of injury or death to Steven Reeves.

There is very little information available with respect to what happened to the life raft after the vessel capsized. All that is known was that it was not observed immediately after the sinking and that despite an active search by the Coast Guard was not observed until early the morning following the sinking. Depo. of Novack, P. 69 (Ex. "D"); Limitation Trial, Petitioner's Ex. 21, P. 3. The Defendant has failed to offer any expert testimony with respect to the functioning of the life raft or whether it could or could not have prevented injury or death to Steven Reeves.

As noted above, the Pennsylvania Rule involves not only a shifting of the burden of proof but also as a matter of substantive law, an increase in the level of certainty of proof. Once a party proves a violation of an applicable Coast Guard regulation, the violating party has the burden of proving that the violation could not have caused injury or death. Given the almost complete absence of proof on this issue, and viewing the evidence in the light most favorably to the Defendant, there simply is insufficient evidence upon which a reasonable juror could conclude that the Defendant's violation of 46 CFR 28.140 could not possibly have been a cause of injury or death to Steven Reeves. Accordingly summary judgment should enter against the Defendant on Plaintiff's Jones Act Negligence claim (Count I).

II.     F.E.L.A. Sec. 53 AS INCORPORATED BY THE JONES ACT PRECLUDES A
        FINDNG OF COMPARATIVE NEGLGENCE WHERE THE EMPLOYER HAS
        VIOLATED A COAST GUARD SAFETY REGULATON.

        The Defendant has pleaded the affirmative defenses of comparative negligence. The

undisputed facts of this case preclude application this defense.  Under the Jones Act, a seaman

cannot be found to be comparatively negligent where the employer is found to have violated a

safety statute or regulation and where the violation is a cause of the seaman's injury or death.  45

U.S.C. §53;[1] Kernan, supra at 435, 78 S.Ct. at 399; Pratico, 783 F.2d 255, 267-268;  Roy Crook

and Sons, Inc. v. Allen, 778 F.2d 1037, 1040, 1043 (5th Cir. 1985) ("[B]oth Kernan and Neal

make it clear that Section 53 of the FELA is part of the Jones Act."); Fuszek v. Royal King

Fisheries, Inc. 98 F.3d 514, 516-517 (9th Cir. 1996); Neal v. Saga Shipping Co., 407 F.2d 481,

486 (5th Cir. 1969), cert. den., 395 U.S. 986, 89 S.Ct. 2143 (1969) ("By virtue of the Jones Act,

Section 53 of the FELA has been applied to violations of maritime safety statutes . . . .");.

        Here, the Defendant's violation of 46 CFR 28.140 (life raft service and inspection

regulation) as discussed in the previous section of this Memorandum, precludes a finding of

comparative negligence as a matter of law.  Accordingly, summary judgment should be entered

on behalf against the Defendant on its claim of comparative negligence.

III.    There is no evidence from which a reasonable jury could conclude that Plaintiff's
        Decedent Steven Reeves had a duty to fully close the Port #3 hatch.

        A party asserting a claim of contributory negligence has the burden of proof.  Rivera v.

Farrell Lines Inc. 474 F.2d 255, 257-258 (2nd Cir. 1973).  A seaman cannot be faulted for using

---

[1]     This is the FELA comparative negligence statute, which states, inter alia, as follows:
"[N]o such employee who may be injured or killed shall be held to have been guilty of
contributory negligence in any case where the violation by such common carrier of any statute
enacted for the safety of employees contributed to the injury of death of such employee.

defective equipment unless it is established that "he deliberately spurns a safe alternative provided him." Yehia v. Rouge Steel Corp., 898 F.2d 1178, 1183 (6th Cir. 1990).

In May of 2003 the Defendant served upon the Plaintiff its Answers to Interrogatories. (Attached hereto as Ex. "H"). In its answers to interrogatories, the Defendant identifies Mr. Reeves failure to close the Port #3 hatch cover as the sole basis of its claim of contributory negligence. Further the Defendant, through its May 2003 interrogatory answers discloses only two expert witnesses it intends to offer at trial, Dr. Jacobs and Capt. Folsom. Id. Neither expert will testify as to Steven Reeves' duty or standard of care with respect to closing the aft clam hold hatches. Under these circumstances, the Defendant has insufficient evidence from which to establish that Plaintiff's decedent, Steven Reeves, had a duty to close the #3 Port hatch cover all of the way or that in light of his experience and training on that vessel, that such alleged failure was negligent. Accordingly, this Court should enter summary judgment against the Defendant on its affirmative defense of contributory negligence.

IV.    There is no evidence from which a reasonable juror could conclude that it is more likely than not (greater than 50% chance) that it was Mr. Reeves who failed to properly close the #3 Port hatch cover.

There are three survivors of the sinking of the F/V CAPE FEAR, Capt. Steven Novack, Mate James Haley and deckhand Joseph Lemeaux. Both Capt. Novack and Mr. Lemeaux have testified that they were below deck asleep at the time the #3 Port hatch was closed and that they do not know who closed it. Trial Transcript P. 5-183 (Ex. "G"); Depo. of Novack P. 82 (Ex. "D"). The mate James Haley testified that he along with Lemeaux, Reeves and Martin were on watch at the time the hatch was shut but that he does not know who among the three deckhand shut it. Depo. of Haley, P. 28 (Ex. "F")

7

A party asserting a claim of contributory negligence has the burden of proof. Rivera v. Farrell Lines Inc. 474 F.2d 255, 257-258 (2nd Cir. 1973). Viewing the Mr. Haley's testimony in the light most favorable to the Defendant there is a 33.33% chance that it was Mr. Reeves who failed to properly close the Port #3 hatch. If one assumes that Mr. Haley is correct in that he did not close the hatch but incorrect as to whether Mr. Lemeaux was on deck then the best that can be said is that there is a 50/50 chance that either Reeves or Martin failed to properly close the #3 Port hatch. Accordingly even viewing all of the testimony in the light most favorable to the Defendant and resolving all conflicts in testimony in the light most favorable to the Defendant there the best the Defendant can hope to establish is that there is an equal chance that either Reeves or Martin failed to properly close the #3 Port hatch.

This situation in which it is equally possible that one of two parties was negligent is addressed in Prosser and Keeton on Torts, which states as follows:

> "    It is never enough for the plaintiff to prove merely that the plaintiff has been injured by the negligence of someone unidentified. Even though there is beyond all possible doubt negligence in the air, it is still necessary to bring it home to the defendant. ' The purpose of this requirement is to link the defendant with the probability, already established that the accident was negligently caused. On this too the plaintiff has the burden of proof by a preponderance of the evidence; and in any case where it is clear that it is at least equally probable that the negligence was that of another, the court must direct the jury that the plaintiff has not established a case."

Prosser & Keeton on Torts, 5th Ed. P. 248 (emphasis added)

The situation in the present case is nearly identical to that discussed above. The Defendant has the burden of proving by the preponderance of evidence that there is a greater than 50% chance that Steven Reeves failed to properly close the #3 Port hatch. The Defendant cannot meet this burden. Accordingly, summary judgment should enter against the defendant on its affirmative

defense of comparative negligence.

    V.    There is no admissible evidence from which a reasonable juror could conclude that the 3" - 6" opening in the #3 Port hatch was a cause in fact of the sinking of the F/V CAPE FEAR.

The Plaintiff has filed a motion to exclude the testimony of Defendant's expert Capt. Folsom. Capt. Folsom's expert testimony is the only evidence linking the opening in the #3 Port hatch with the sinking of the vessel. In the event that Plaintiff's motion is granted, summary judgment should be entered against the Defendant on its affirmative defense of comparative negligence.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of the Plaintiff, Susan Allen on her claim for Negligence (Count I) against the Defendant. The Plaintiff further requests that this Honorable Court enter Judgement in favor of the Plaintiff, Susan Allen, on Defendant's affirmative defense of contributory and/or comparative negligence.

                      Respectfully submitted for the
                      the Plaintiff, SUSAN ALLEN,
                      by her attorneys,

                      David F. Anderson
                      Carolyn M. Latti
                      Latti & Anderson LLP
                      30-31 Union Wharf
                      Boston, MA 02109
                      (617) 523-1000

DATED: **6/2/03**

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the foregoing document was served on the attorney of record for each party named in this action, by mail, postage prepaid on _6/3/03_.

9