UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DENNIS MARTIN, as Personal )
Representative of the Estate )
of PAUL F. MARTIN, )
      Plaintiff, )   C.A. No. 99-10944 (GAO)
  v. )
)
CAPE FEAR, INC., )
      Defendant. )
)

SUSAN ALLEN, as Personal )
Representative of the Estate )
of STEVEN M. REEVES, )
      Plaintiff, )   C.A. No. 99-10960 (GAO)
  v. )
)
CAPE FEAR, INC., )
      Defendant. )
)

## JURY VERDICT FORM

### STEVEN REEVES

1. Was the Defendant, Cape Fear, Inc. negligent?

Yes __✓__ No _____

2. If yes, was its negligence a cause of injury or death to Steven Reeves?

Yes __✓__ No _____

3a. Do you find that the F/V CAPE FEAR was unseaworthy (for reasons in addition to overloading)?

Yes ___✓___ No _____

3b. If yes, was this additional unseaworthy condition a cause of injury or death to Steven Reeves?

Yes ___✓___ No _____

4a. Do you find that at the time of the sinking that the Defendant, Cape Fear, Inc., and the Defendant's vessel, the F/V CAPE FEAR, were in violation of any applicable U.S. Coast Guard regulations related to safety instructions and drills or survival equipment?

Yes ___✓___ No _____

*If you responded "Yes" to Question #4a above, then answer the below Question #4b.*
*If you responded "No" skip Question #4b and continue with Question #5a.*

4b. Has the Defendant established that none of its violation(s) of Coast Guard regulations could have been a cause of injury or death to Steven Reeves?

Yes _____ No ___✓___

5a. Was Steven Reeves negligent?

Yes ___✓___ No _____

5b. If yes, was his negligence a contributing cause of his own injury or death?

Yes ___✓___ No _____

*If you responded "Yes" to both Questions #5a and #5b above, please continue with Question #6. If you responded "No" to either Question #5a or #5b above, please skip Question #6 and continue with Question # 7.*

6. Please state in percentage terms the extent to which Steven Reeves' negligence contributed to his own injury or death and the extent to which Defendant's negligence and/or the F/V CAPE FEAR's unseaworthiness caused Mr. Reeves' injury or death.

Steven Reeves' contributory negligence ___10___ %

Defendant Cape Fear Inc.'s negligence and/or
the unseaworthiness of the F/V CAPE FEAR ___90___ %

TOTAL = 100 %

7. State in dollars the damages arising from the injury or death of Steven Reeves which the Plaintiff has proven by a preponderance of the evidence.

   a. Conscious Pain and Suffering $ ___600,000___

   b. Loss of Support to Tyler Reeves $ ___40,343.00___

8a. Do you find that the estate of Steven Reeves is entitled to pre-judgment interest?

Yes ___✓___  No _____

8b. If, yes, at what rate of interest? (not to exceed 12%) ___6___ %

# PAUL MARTIN

9. Was the Defendant, Cape Fear, Inc., negligent?

Yes ✓   No _____

10. If yes, was its negligence a cause of injury or death to Paul Martin?

Yes ✓   No _____

11a. Do you find that the F/V CAPE FEAR was unseaworthy (for reasons in addition to overloading)?

Yes ✓   No _____

11b. If yes, was this additional unseaworthy condition a cause of injury or death to Paul Martin?

Yes ✓   No _____

12a. Do you find that at the time of the sinking that the Defendant, Cape Fear, Inc., and the Defendant's vessel, the F/V CAPE FEAR, were in violation of any applicable U.S. Coast Guard regulations related to safety instructions and drills or survival equipment?

Yes ✓   No _____

*If you responded "Yes" to Question #12a above, then answer the below Question #12b. If you responded "No" skip Question #12b and continue with Question #13a.*

12b. Has the Defendant established that none of its violation(s) of Coast Guard regulations could have been a cause of injury or death to Paul Martin?

Yes _____   No ✓

13a. Was Paul Martin negligent?

Yes ✓ No _____

13b. If yes, was his negligence a contributing cause of his own injury or death?

Yes ✓ No _____

*If you responded "Yes" to both Questions #13a and #13b above, please continue with Question #14. If you responded "No" to either Question #13a or 13b above, please skip Question #14 and continue with Question # 15.*

14. Please state in percentage terms the extent to which Paul Martin's negligence contributed to his own injury or death and the extent to which Defendant's negligence and/or the F/V CAPE FEAR's unseaworthiness caused Mr. Martin's injury or death.

Paul Martin's contributory negligence __10__ %

Defendant Cape Fear Inc.'s negligence and/or
the unseaworthiness of the F/V CAPE FEAR __90__ %

TOTAL = 100 %

15. State in dollars the damages arising from the injury or death of Paul Martin which the Plaintiff has proven by a preponderance of the evidence.

    a. Conscious Pain and Suffering $ 200,000

    b. Funeral Expenses $ 8000.00

16a. Do you find that the estate of Paul Martin is entitled to pre-judgment interest?

Yes ✓ No _____

16b. If, yes, at what rate of interest? (not to exceed 12%) __6__ %

Date: 3|10|04

_____Scott Pizzi_____
FOREPERSON